NOT YET SCHEDULED FOR ORAL ARGUMENT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PALM BEACH COUNTY,<br>a political subdivision<br>of the State of Florida,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>    Respondent.<br>_____<br><br>TOWN OF PALM BEACH, a municipal<br>corporation of the State of Florida, CITY<br>OF WEST PALM BEACH, a municipal<br>corporation of the State of Florida,<br><br>    Petitioners,<br><br>v.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>    Respondent. | Case No. 25-1282<br><br>Consolidated with<br>Case No. 25-1283 |

_____

**PALM BEACH COUNTY'S RESPONSE IN OPPOSITION TO
RESPONDENT'S MOTION FOR EXTENSION
OF CERTIFIED INDEX DEADLINE**

Pursuant to Fed. R. App. P. 27(a)(3), Petitioner Palm Beach County (the "County") respectfully submits this response in opposition to the Federal

Aviation Administration's ("FAA") motion for a 60-day extension of the time by which to file the certified index to the administrative record in the above-captioned consolidated cases.

This action arises from the FAA's sudden prohibition of all aircraft from overflying Mar-a-Lago, a private club and resort owned by President Trump east of Palm Beach International Airport ("PBI"). With mere days' notice, and without any of the consultation required by law, the FAA modified the arrival and departure procedures in effect at PBI, routing all aircraft away from Mar-a-Lago and over communities not normally exposed to the noise, vibrations, and emissions associated with low-flying aircraft. Because the FAA refused to provide any explanation for these restrictions, comply with required procedures, or engage the County in any dialogue as to potential alternatives, the County reluctantly filed a petition for review before this Court.

On December 15, 2025, this Court ordered the FAA to produce the certified index to the administrative record within 45 days. On January 13, 2026, the FAA moved to extend that deadline by an additional 60 days. The FAA has not shown good cause for an extension that would more than double the amount of time provided for producing the certified index, far exceeding the truncated process the FAA used to promulgate the flight restrictions themselves, and further delaying the

County's efforts to obtain relief from this Court. *See* Fed. R. App. P. 26(b) (authorizing court to extend time "[f]or good cause").

The FAA seeks an extension because of (1) employee vacation and holiday absences; (2) the need to search records and emails of employees who have left the agency; and (3) general resource constraints and other projects. *See* Mot. at 3. None of these reasons justify a 60-day extension (to a total of 105 days) under the circumstances, especially when the FAA apparently did not need nearly as much time to generate and implement the restrictions themselves.

*First*, the holidays have come and gone, and the vacation time of agency employees is a routine occurrence which does not excuse the agency's inability to comply with court-ordered deadlines. *Second*, the need to coordinate across FAA offices is not a justifiable cause of delay where the FAA and other agencies routinely comply with the timeframes imposed through Fed. R. App. P. 17. *Third*, the FAA cites general resource constraints and a "backlog of projects," but submitting the administrative record is not a "project," it is an obligation imposed by law that the FAA must complete as ordered. To the extent the backlogged projects are not court-ordered, submitting the record in this case must take precedence.

Particularly in light of the short time period within which the FAA took the actions at issue in this case, the short documents reflecting the action, and the FAA's refusal (or inability) to provide any explanation for its actions to date, the FAA has

3

not demonstrated good cause for why it is unable to timely produce the administrative record underlying its decisions.

Meanwhile, additional delay in producing the administrative record harms the County by continuing to deprive it of information regarding the FAA's actions. The FAA promulgated the restrictions at issue without the procedure and consultation required by law, without disclosing any information about their bases or the FAA's evaluation of alternatives, and then refused to discuss the restrictions with the County. The Court provided the FAA with ample time—45 days—to produce the certified index to the administrative record. FAA now seeks to more than double that allotted time, all because it has other things it says it needs to do.

The County is sympathetic to the FAA's resource constraints and, as indicated in the FAA's motion, does not oppose a reasonable extension up to 30 days. But a 60-day extension is too long, and incentivizes shoddy agency action without required process, with delayed review and accountability. The Court should limit any extension to 30 days, and require the FAA to file the certified index to the administrative record not later than March 2, 2026.

Respectfully submitted January 21, 2026,

                          */s/ Steven L. Osit*
                          Steven L. Osit
                          Samantha R. Caravello
                          John E. Putnam
                          Kaplan Kirsch LLP
                          1675 Broadway, Suite 2300
                          Denver, CO 80202
                          Telephone: (303) 825-7000
                          Email: sosit@kaplankirsch.com
                                        scaravello@kaplankirsch.com
                                        jputnam@kaplankirsch.com

                          *Counsel for Palm Beach County*

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 27 AND 32

I certify that this filing complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 694 words, excluding the parts of the filing exempted under Fed. R. App. P. 32(f), according to the count of Microsoft Word, and complies with Fed. R. App. P. 27(d)(2)(B) because it is 5 pages in length.

Date:   January 21, 2026

                                                      */s/ Steven L. Osit*
                                                      Steven L. Osit
                                                      Kaplan Kirsch LLP

                                                     *Counsel for Palm Beach County*

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, a true copy of the foregoing Response in Opposition to Respondent's Motion for Extension of Certified Index Deadline was served on all parties of record who are registered CM/ECF filers through the appellate CM/ECF system for the United States Court of Appeals for the D.C. Circuit, including:

| | |
|---|---|
| Rebecca Jaffe<br>U.S. Department of Justice<br>Environment & Natural Resources Section, Appellate<br>P.O. Box 7415<br>Ben Franklin Station<br>Washington, D.C. 20044<br><br>*Counsel for Federal Aviation Administration* | Jeffrey L. Oldham<br>Jackson Walker LLP<br>100 Congress Ave., Suite 1100<br>Austin, Texas 78701<br><br>*Counsel for Petitioners*<br>*Town of Palm Beach and*<br>*City of West Palm Beach* |

                                                      */s/ Steven L. Osit*
                                                    Steven L. Osit