# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| TOWN OF PALM BEACH, a municipal corporation of the State of Florida, and CITY OF WEST PALM BEACH, a municipal corporation of the State of Florida, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 25-1282 (lead case) No. 25-1283 |
| *Petitioners*, | | |
| v. | | |
| FEDERAL AVIATION ADMINISTRATION, | | |
| *Respondent*. | | |

## PETITIONERS TOWN OF PALM BEACH'S AND CITY OF WEST PALM BEACH'S RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION FOR EXTENSION

Petitioners Town of Palm Beach and City of West Palm Beach (collectively, "Petitioners") submit this response in opposition to the Federal Aviation Administration's ("FAA") motion to extend its deadline to file the index to the administrative record. While Petitioners oppose the requested 60-day extension, they are amenable to a 30-day extension.

In late 2025, the FAA issued an order prohibiting all aircraft operations, at all times, in a newly created "national defense airspace" in

1

close proximity to Palm Beach International Airport ("PBI") and unilaterally made changes to PBI's takeoff and landing procedures to redirect aircraft around that airspace. These actions resulted in the diversion of substantial low-flying air traffic over once peaceful residential and historic areas in Palm Beach and West Palm Beach. The FAA implemented these restrictions suddenly with mere days' notice. And, critically, it did so without consulting Petitioners as required by law or, for example, ascertaining the environmental impact of exposing residents and structures to increased levels of noise, vibrations, and emissions. Given the FAA's unwillingness to explain, reconsider, or amend its hastily implemented restrictions, Petitioners were forced to file this appeal.

Pursuant to the Court's December 15, 2025 order, the FAA was required to file the certified index to the administrative record within 45 days, *i.e.*, by January 29, 2026. Nearly one month later, the FAA filed the instant motion seeking to extend that deadline an additional 60 days to March 30, 2026. While Petitioners do not oppose a 30-day extension, the FAA failed to establish the requisite good cause for a lengthy 60-day extension. *See* Fed. R. App. P. 26(b).

2

To start, it does not appear that compiling the certified index will be a particularly burdensome or time-consuming undertaking. For example, there are only a few documents memorializing the FAA's complained-of actions. Further, the FAA took those actions quickly, without consulting Petitioners or local stakeholders, and without affording those affected the opportunity to offer comment. These facts suggest that there will be a relatively small universe of relevant documents. Including the initial 45 days, an additional 30-day extension gives the FAA a total of 75 days to file the certified index. That should be more than enough time to assemble this certified index, while accommodating any difficulties attributable to the holidays, employee turnover, or agency workload.

Additionally, the FAA's requested 60-day extension disregards Petitioners' need to promptly resolve this appeal. Indeed, as a result of the FAA's actions, Petitioners and their residents are subjected daily to real and material environmental harms—*e.g.*, increased noise and emissions from diverted aircraft. A 30-day extension, conversely, accommodates all parties by affording the FAA additional time to prepare the index while reasonably limiting the ongoing harm to Petitioners.

3

Accordingly, if the Court is inclined to grant the FAA's motion, Petitioners respectfully request that the Court extend the FAA's deadline to file the index to the administrative record by 30 days, *i.e.*, until February 28, 2026.

          Respectfully submitted,

          /s/ *Jeffrey L. Oldham*
          Jeffrey L. Oldham
          JACKSON WALKER LLP
          100 Congress Ave., Suite 1100
          Austin, Texas 78701
          Telephone: (512) 236-2000
          E-mail: joldham@jw.com

          *Counsel for Petitioners*
          *Town of Palm Beach and*
          *City of West Palm Beach*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, a copy of the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system and was served on all counsel of record who are registered CM/ECF filers through the Court's CM/ECF system, including:

Rebecca Jaffe
Allen Michael Brabender
U.S. Department of Justice
Environment & Natural Resources Section, Appellate
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044

*Counsel for Respondent Federal Aviation Administration*

Steven L. Osit
Kaplan Kirsch LLP
1634 Eye Street, NW
Washington, D.C. 20006

Samantha Rachel Caravello
John E. Putnam
Kaplan Kirsch LLP
1675 Broadway
Denver, CO 80202

*Counsel for Petitioner Palm Beach County in No. 25-1282*

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 486 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point font Century Schoolbook style.

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham